FILED

**NOT FOR PUBLICATION**

MAR 11 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN L. KAYSER; GLORIA
YOUNG, individually, and as husband and
wife,

        Plaintiffs-Appellants,

 v.

WHATCOM COUNTY, a political
subdivision of the State of Washington;
DAVID S. MCEACHRAN, Prosecuting
Attorney for Whatcom County,

        Defendants-Appellees.

No.    19-35294

D.C. No. 2:18-cv-01492-JCC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 4, 2020
Seattle, Washington

Before:  IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Steven Kayser and Gloria Young (referred to here collectively as Kayser) appeal the district court's dismissal of their complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291.

Kayser alleged that Whatcom County's official written policy erroneously provided that "only evidence for the possible impeachment of government employees" had to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963), and that the County's implementation of this policy violated Kayser's constitutional rights. These allegations are sufficient to state a claim under 28 U.S.C. § 1983 against the County and David McEachran (in his official capacity) for constitutional injuries inflicted by the implementation of a local government's official policies. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Contrary to the County's assertion, neither prosecutorial immunity nor sovereign immunity shield the defendants from liability. Prosecutorial immunity does not apply where, as here, a prosecutor is sued in his official capacity, *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Sovereign immunity does not apply because the complaint alleges that the County is liable for its actions as a county (not as a prosecutor) in promulgating the official policy that caused the injury, and "counties do not enjoy Eleventh Amendment immunity." *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994).

2

The district court did not err in holding that Kayser failed to allege liability based on a custom or practice. Kayser's claim that the County has a practice or custom of suppressing evidence in violation of *Brady* is not plausible, because he failed to allege that the County suppressed evidence in any case other than his two trials. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999).

The district court also did not err in holding that Kayser failed to allege liability based on a failure-to-train theory. Kayser's allegation that County prosecutors suppressed evidence in only two instances is insufficient to establish that the County had "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Therefore, Kayser's failure-to-train claim is not plausible.

**AFFIRMED IN PART; REVERSED IN PART.**[1]

---

[1] Each party shall bear its own costs.